## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

EDWARD C. HUGLER, Acting Secretary of Labor, United States Department of Labor,

   Plaintiff,

    v.

6290 CHAMBERSBURG RD. INC. (dba Las Piramides); 11305 PRINCETON PIKE, INC. (dba Dos Amigos); 217 RIVERS EDGE DR. INC. (dba Dos Amigos); LEON & ESPINOZA INC. (dba Dos Amigos); and LILLIANA JAIME,

   Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Case No.  3:17-cv-00037

## **COMPLAINT**

Plaintiff, Edward C. Hugler, Acting Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain Defendants 6290 Chambersburg Rd. Inc., an Ohio corporation doing business as Las Piramides restaurant; 11305 Princeton Pike, Inc., an Ohio corporation doing business as Dos Amigos restaurant ("Princeton Restaurant"); 217 Rivers Edge Dr. Inc., an Ohio corporation doing business as Dos Amigos restaurant; Leon & Espinoza Inc., an Ohio corporation doing business as Dos Amigos restaurant; and Lilliana Jaime, an individual (collectively "Defendants"), from violating the provisions of Sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("Act" or "FLSA"), pursuant to Section 17 of the Act; and to recover unpaid minimum wage and overtime compensation owing to Defendants Jaime and Princeton Restaurant's employees together with an equal additional amount as liquidated damages, pursuant to Section 16(c) of the Act.

1

## I.

Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

## II.

(a)  Defendant 6290 Chambersburg Rd. Inc. ("Chambersburg Restaurant") is and at all times hereinafter mentioned was, an Ohio corporation with an office and place of business at 6290 Chambersburg Road, Dayton, Ohio 45424, in Montgomery County, within the jurisdiction of this Court, and is, and at all times hereinafter mentioned, was engaged in the restaurant business and in the performance of related types of activities.

(b)  Defendant Princeton Restaurant is and at all times hereinafter mentioned was, an Ohio corporation with an office and place of business at 11305 Princeton Pike, Cincinnati, Ohio 45246, in Hamilton County, within the jurisdiction of this Court, and is, and at all times hereinafter mentioned, was engaged in the restaurant business and in the performance of related types of activities.

(c)  Defendant 217 Rivers Edge Dr. Inc. ("Rivers Restaurant") is and at all times hereinafter mentioned was, an Ohio corporation with an office and place of business at 217 Rivers Edge Drive, Milford, Ohio, in Clermont County, within the jurisdiction of this Court, and is, and at all times hereinafter mentioned, was engaged in the restaurant business and in the performance of related types of activities.

(d)  Defendant Leon & Espinoza Inc. ("Leon Restaurant") is and at all times hereinafter mentioned was, an Ohio corporation with an office and place of business at 7340 Yankee Road, Liberty Township, Ohio 45044, in Butler County, within the jurisdiction of this Court, and is, and at all times hereinafter mentioned, was engaged in the restaurant business and in the performance of related types of activities.

(e)  Lilliana Jaime, an individual, resides at 6416 Hemmingway Road, Dayton, Ohio 45424, within the jurisdiction of this Court.  Defendant Jaime at all times hereinafter mentioned actively supervised the day-to-day operations and management of the Defendant restaurants in relation to their employees.  Defendant Jaime acted directly or indirectly in the interest of Defendant restaurants in relation to their employees and is an employer within the meaning of Section 3(d) of the Act.

### III.

Defendants are, and at all times hereinafter mentioned, were engaged in related activities performed through unified operation or common control for a common business purpose and at all times hereinafter mentioned, were an enterprise within the meaning of Section 3(r) of the Act.

### IV.

Defendants are, and at all times hereinafter mentioned, were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

### V.

(a)  Defendants Jaime and Princeton Restaurant violated the provisions of Sections 6 and 15(a)(2) of the Act by employing many of their employees engaged in commerce or in the production of goods for commerce or employed in an enterprise

engaged in commerce or in the production of goods for commerce within the meaning of the Act, for wages at rates less than $7.25 per hour for time worked beginning on August 1, 2013.  Specifically, Defendants Jaime and Princeton Restaurant failed to pay minimum wages to employees employed at Princeton Restaurant, in that servers were only paid tips, with no cash wages.

## VI.

(a)  Defendants Jaime and Princeton Restaurant violated the provisions of Sections 7 and 15(a)(2) of the Act by employing employees who were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act as aforesaid, for workweeks longer than forty (40) hours, without compensating said employees for hours worked in excess of forty (40) hours per week at rates not less than one and one-half times the regular rate at which they were employed. Specifically, Defendants Jaime and Princeton Restaurant failed to pay overtime wages to certain Princeton Restaurant workers who worked in excess of forty hours in a workweek.

## VII.

Defendants Jaime and Princeton Restaurant, employers subject to the provisions of the Act violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of their employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. §516, in that records fail to show adequately and accurately, among

other things, the identities of all individuals who were Defendants Jaime and Princeton Restaurant's employees and the hours worked by all employees.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants as follows:

A.      For an Order pursuant to Section 17 of the Act, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from prospectively violating the Act; and

B.      For an Order:

1.      pursuant to Section 16(c) of the Act, finding Defendants Jaime and Princeton Restaurant liable for unpaid minimum wage and overtime compensation due Defendants Jaime and Princeton Restaurant's employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit 1 (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or, in the event liquidated damages are not awarded,

2.      pursuant to Section 17, enjoining and restraining  Defendants Jaime and Princeton Restaurant, their officers, agents, servants, employees, and those persons in active concert or participation with them from withholding payment of unpaid minimum wage and overtime compensation found to be due employees of Defendants Jaime and Princeton Restaurant and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

C.      For an Order awarding Plaintiff the costs of this action; and

D.    For an Order granting such other and further relief as may be necessary and appropriate.

_____

| OF COUNSEL: | HEMA STEELE (0081456) |
| | Trial Attorney |
| | U.S. Department of Labor |
| BENJAMIN T. CHINNI | 881 Federal Office Building |
| Associate Regional Solicitor | 1240 East Ninth Street |
| | Cleveland, Ohio 44199 |
| | (216) 522-3876; Fax (216) 522-7172 |
| | *Steele.Hema@dol.gov* |